John Haynes and Marcia Lashley

694 Stoneside Drive

Stone Mountain, Georgia 30083

11/11/19



IN THE UNITED STATES FEDERAL DISTRICT

COURT FOR THE NORTHERN DISTRICT OF GEORGIA

John Haynes and Marcia Lashley

Plaintiffs

Vs.

Hayley Brew, Esq.

McCalla Raymer Leibert Pierce, LLC

Midland Mortgage Company

Defendant's

Request for Jury Trial

Reserve the Right To Amend

Case # 101-95574344

**1 19-CV-5123**

## 5.5 MILLION DOLLAR CIVIL LAWSUIT FOR NON-JUDICIAL WRONGFUL FORECLOSURE

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

John Haynes and Marcia Lashley, proceeding ***in propia persona***, files civil lawsuit for wrongful foreclosure on the property located at 694 Stoneside Drive Stone Mountain, Georgia 30083. The plaintiff alleges the foreclosure is "Void" because the foreclosure was initiated by a party without standing. The defendant did not have legal authority to sign the notice of default letter on behalf of the trustee. The defendant violated Federal Laws and the provisions defined in 15 U.S.C. Sec. 1692 false misrepresentation in the course of collecting a debt. The defendant wrongfully foreclosed on the plaintiff and also violated the Truth in Lending Act, Regulation Z, 12 CFR §226.23, beached the contract, and slandered the title. Plaintiffs also bring their claim forward for slander of credit and infliction of emotional; distress. The defendant in this case is a debt collector as advertised in the media and noted at the bottom of the business emails. The defendant violated the FDCPA, including **misrepresentation, fraud, harassment, unfair means, and deception to collect a debt.**

The above mentioned claims are fatal flaw to the non- judicial foreclosure action and renders the foreclosure **void**, including orders in eviction court. The attached exhibits will verify the foreclosure was initiated by a party without standing.

The eviction court did not have jurisdiction and was not aware of the fact that the non-judicial foreclosure was is unlawful and void.

## I. Lack of Standing:

1.1 The defendant who initiated the non-judicial foreclosure did not have standing to execute the power of sale clause in the deed of trust. The lack of authority to execute the power of sale clause and the other claims mentioned herein is the basis for this wrongful foreclosure lawsuit.

## II. Violation Of The FDCPA:

2.1 The law firm, or the attorney, did not meet the requirements mandated in the Fair Debt Collection Practices Act (FDCPA), necessary to be a legal debt collector.

2.2 The FDCPA mandates the attorney and the law firm must have a license to be a debt collector, a bond, and they must be registered with the Attorney General in the State in which they are collecting.

2.3 The debt collector in this case is in violation of the FDCPA, they do not meet the legal requirements to be considered a debt collector and therefore have no standing before the court.

2.4 The violation of the FDCPA, is a Federal question and therefore Federal Court has jurisdiction to make a determination on the matter. Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233. Pro se pleadings are to be considered without regard to technicality; pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers. Platsky v. C.I.A. 953 F.2d. 25.

2.5 Additionally, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. Reynoldson v. Shillinger 907F .2d 124, 126 (10th Cir. 1990); See also Jaxon v. Circle K. Corp. 773 F.2d 1138, 1140 (10th Cir. 1985) (1). Warnock v. Pecos County, Tex., 88 F3d 341 (5th Cir. 1996) Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

2.6 The Federal Law mandates any debt collection company attempting to collect debt within the State of Georgia, must be bonded and licensed to do so. Failure of the Corporation to maintain active surety bond, warrants grounds for immediate ceasing of collection activities and reporting to major credit bureaus.

2.7 A third party collection agency that violates any provision of the FDCPA, is liable to civil and criminal penalties which may include monetary compensation to the victim.

2.8 The debt collector company cannot at any point engage in abuse, threats, coercion, **misrepresentation, fraud, harassment, unfair means, and deception to collect debt.**

2.9 The debt collection company must provide proof that they have the authority to collect fees, interest or expenses above the original balance; such proof may be a signed document by the debtor.

### III. Violation Of The Truth In Lending Act:

3.1 The defendant Hayley Brew, Esq. violated the Truth in Lending Act, Regulation Z, 12 CFR §226.23, which states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange. The defendant Hayley Brew, Esq. mislead State Court when she executed the unlawful non- judicial foreclosure and eviction case against the plaintiff's property in State Court in case # 101-95574344.

3.2 The attorney does not have a license to practice law and therefore is not qualified to represent a fictitious corporation in court.

3.4 The Supreme Court ruled lawyers and attorneys are NOT licensed to practice law, the nature of lawyer- craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by any state/State. (Schware v. Board of Examiners, 353 U.S. 238, 239).

3.5 The defendant misrepresented herself to the court as a licensed attorney when she does not have a license to practice law. A certificate is not a license to practice Law as an occupation, nor do business as a law firm.

## IV. Jurisdiction:

4.1 The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law.

4.2 The Constitution vests federal courts with the authority to hear cases "arising under the Constitution or the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## V. The Two Jurisdictions for The Court To Operate Under:

5.1 Plaintiffs, are only aware of two jurisdiction the court can operate under as per the Constitution, and those jurisdictions are **Common Law**, and **Admiralty Jurisdiction**.

5.2 If the court chooses to proceed under Admiralty Jurisdiction, plaintiff will need the court to inform them where the rules of procedures for admiralty jurisdiction can be found.

## VI. A Federal Question- Jurisdiction and Statement of a Claim:

6.1 The test for determining whether allegations are sufficient to confer federal question jurisdiction has two prongs.

6.2 First, pursuant to statute, the plaintiff must present a federal question-a claim "arising under the Constitution, laws, or treaties of the United States. See: *18. 28 U.S.C. § 1331 (1982). This statutory requirement is grounded in the Constitution. See U.S. Const. art. III, § 2.* "1" Second, courts have added the requirement that the federal question must be "substantial." *See Hagans v. Lavine, 415 U.S. 528, 536-38 (1974); Bell v. Hood, 327 U.S. 678, 682-83 (1946); 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3564, at 66-77 (1984).*

6.3 The plaintiffs pleaded factual content and evidence that is documented in the defendant's records that allows the court to draw the reasonable inference that the defendant is guilty of violating Federal Laws when she signed the default letter on behalf of the trustee without legal documentation to verify legal authority.

6.4 The exhibit marked "A" will show the notice of foreclosure sale and letter signed by the defendant, a party that did not have standing to initiate the Non-Judicial Foreclosure and therefore the foreclosure is void.

## VII. Reservation of Rights Under UCC-1-308:

7.1 We have reserved our rights under the UCC 1-308, formally 1-207, and demand the statutes used in this court be construed in harmony with Common Law.

7.2 The code is complimentary to the common law, which remains in force, except where displaced by the code.

7.3 A statute should be construed in harmony with the common law, unless there is a clear legislative intent to abrogate the common law.

7.4 The code was written as not to abolish the common law entirely. We were not involved with an international maritime contract, so in good faith, we deny that such a contract exists, and demand the court proceed under Common Law Jurisdiction.

## VIII. Facts of The Dispute:

The foreclosure is void because it was initiated by a party without standing.

8.1 The attorney is in violation of the Federal Security

8.2 The attorney unlawfully signed the notice of default on behalf of the trustee which created a fatal flaw to the action:

8.3 The defendant in this case is in violation of the Truth in Lending Act z.

8.4 The defendant cannot verify agency.

8.5 The defendant misrepresented herself to the court as a licensed attorney when she does not have a license to practice law.

8.6 The fact the defendants issued a notice of default letter to execute the power of sale clause in the deed of trust will verify the defendants contracted to provide a loan to the plaintiffs, and the defendants owed a legal duty to the plaintiffs.

8.7 The defendant's duty was breached because they never provided a loan to the plaintiffs.

8.9 The alleged loan was an exchange of the plaintiff's signed promissory note for electronic credits from Federal Reserve.

8.10 Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. UCC §1-201(24), §3-104, §3-306, §3-105, UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511, UCC §§9-102(9), (11), (12)(B), (49), (64), 12 USC 1813(l)(1).

8.11 The defendant's accounting records will show the corporation has an offsetting liability to the homeowner pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR), and the alleged loan was always an asset to the defendants.

8.12 These records include: a. **FR 2046 balance sheet**, b. **1099-OID report**, c. **S-3/A Registration Statement,** d. **424-B5 Prospectus** and, e. **RC-S & RC-B Call Schedules.**

8.13 The corporation never **registered** the commercial instrument because they knew it was a financial asset to the debtor, and that there was a breach.

8.14 The breach of contract has damaged the plaintiffs in the following manner, and plaintiffs are demanding compensatory damages to reimburse the plaintiffs for costs associated with the injury. All of the monthly payments made on a fake loan plus interest for the number of year's payments were made and legal expenses

8.15 Plaintiffs also demands punitive damages as a remedy for the defendant's conduct that was intentional and excessively reckless. The wrongful foreclosure has caused negative effects on plaintiff's credit report.

8.16 The plaintiffs also have other claims for relief because they will prove there was or a conspiracy to deprive them of property without the administration of justice, in violation of plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong).

8.17 Under Title 18 U.S.C.A. 241 (Conspiracy), violators "shall be fined not more than $10,000 or imprisoned not more than ten (10) years or both." **The foreclosing party lacked standing to foreclose** because they did not have legal authority to execute the power of sale clause in the

deed of trust, and therefore the "Notice of Default and Election To Sell" document has a "Fatal Defect" which robbed the legal system of Jurisdiction and the Non – Judicial foreclosure is unlawful.

8.18 The legal Trustee is the person who has standing to execute the power of sale clause in the deed of trust. In this case there is no legal trustee because the promissory note and deed of trust were **never registered into the trust**, because the promissory note was bundled and sold during the securitizing process.

8.19 The deed of trust states the repayment of the debt is evidenced by the "NOTE," however the "Original" note was not filed in the record or included in the notice of "Notice of Default" letter.

8.20 Without that Note, the defendants cannot verify there was any debt.

8.21 It is well known in the legal community **a trust deed** is always used together with a **promissory note** that sets out the amount and terms of the alleged loan.

8.22 The deed of trust, and the promissory note must always be together, and without the note and the loan accounting entries, the attorney has failed to prove there was any debt, a second fatal flaw to the wrongful foreclosure.

8.23 The debt collector company cannot at any point engage in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect debt. The attorney is in violation of the **FDCPA**, as they do not have a license to collect a debt, they have no bond in place to be a debt collector and they are not registered in the States they are attempting to collect in. These legal documents must be placed on the court record to verify the defendant is a legal debt collector.

Plaintiff's claims are brought forward Under Common Law:

### IX. Elements for Common Law:

9.1 Controversy (The listed defendants)

9.2 Specific Claim (wrongful foreclosure)

9.3 Specific Remedy Sought by Claimant (5.5 million dollars)

9.4 Claim Must be Sworn To (Affidavit of Verification attached), and we will verify in open court that all herein is true.

## X. Elements Of A FDCPA Claim:

10.1 A plaintiff who brings a suit under the FDCPA must prove the following elements in order to successfully make out his/her claim:

(1) That plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 a (3);

(2) That the debt arises out of a transaction entered into for personal purposes;

(3) That the defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6); and

(4) That the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692 a-1692.

10.2 The plaintiffs are consumers as shown by the alleged mortgage loan and unlawful non judicial foreclosure filed in State Court against the plaintiff's property.

10.3 The alleged loan was to secure personal housing for the plaintiffs and their family. The defendant is a debt collector as noted in their emails and phone communications as well as the business description.

10.4 The defendant violated provisions defined in 15 U.S.C. Sec. 1692 false misrepresentation in the course of collecting a debt.

10.5 The FDCPA mandates debt collectors can't use false, deceptive, or misleading practices.

## XI. Parties:

11.1 John Haynes and Marcia Lashley are residents of Dekalb County, Georgia.

11.2 Hayley Brew, Esq.

11.3 McCalla Raymer Leibert Pierce, LLC

11.4 Midland Mortgage Company, A division of MidFirst Bank

11.5 The Foreclosure Service is believed to be a law firm corporation operated from Georgia and is in the business of conducting non-judicial foreclosures in Dekalb County, Georgia

**XII.** The Truth in Lending Act, Regulation Z, 12 CFR §226.23:

12.1 The original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange. The failure to disclose the true nature of the exchange is clearly misrepresentation, fraud, harassment, unfair means, and deception to collect debt.

### XIII. Breach of Contract:

13.1 On or about December 8th, 2000 the plaintiffs purchased a home and obtained a mortgage loan from National City Mortgage Co. dba Accubanc Mortgage, a Corporation in the approximate amount $127,935.00.

13.2 The plaintiff was never provided a loan; the original debt was actually zero because the plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

13.3 The alleged loan was created with plaintiff's signature because all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as 12 USC 1813(l)(1), UCC §1-201(24), §3-104, §8-102(9), §§9-102(9), (11), (12)(B), (49), (64).

13.4 These statutes define a promissory note or security to be negotiable (sellable) because it is a financial asset. This is necessary because contracts requiring lawful money are illegal pursuant to Title 31 USC §5118(d) (2). All debts today are discharged by promises to pay in the future.

13.5 Federal Reserve notes are registered securities and promises to pay in the future. They are secured by liens on promissory notes of collateral owned by real people.

13.5 The statutes do not provide the Federal Reserve Corporation a monopoly on promissory notes, as debt collectors insist.

13.6 Plaintiff's signature created the promissory note in dispute, and it was sold to the Federal Reserve in exchange for plaintiff's signed note.

13.7 Plaintiff's promissory note never became a registered security, and a financial asset that can be negotiated because, for commercial instruments to be legal tender, they must be secured by a maritime lien on a prepaid trust account recorded at the county and registered on a UCC-1. It then becomes a registered security and a financial asset that can be negotiated.

13.8 The defendants further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet.

13.9 **This is called securitization or off-balance sheet financing.** No loan was provided to the plaintiff, and the defendants failed to file evidence on the record to prove a contract existed.

13.10 The original contract and an accounting of the loan entries was never filed in the wrongful foreclosure case that was filed against plaintiff's property.

13.11 The Attorney who signed the "Notice of Default" document to execute the power of sale clause did not have standing, and therefore notice of default has a fatal flaw, and the foreclosure judgment must be vacated and this claim granted for the full amount demanded.

### IXV. Scheme To Defraud:

14.1 The contract should be rescinded because the defendant did not provide full disclosure, the contract is extremely deceptive and unconscionable, In re Pearl Maxwell, 281 B.R. 101

14.2 The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

14.3 Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset.

14.4 But the defendants do not understand that they have this liability because most people are unaware of it.

a.       UCC §1-201(24),  §3-104, §3-306, §3-105,

b.      UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

c.      UCC §§9-102(9), (11), (12)(B), (49), (64)

d.      12 USC 1813(l)(1)

14.5 The defendant's records will show the defendants have an offsetting liability to the plaintiffs pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

14.6 These records include:

a. FR 2046 balance sheet,

b. 1099-OID report,

c. S-3/A registration statement,

d. 424-B5 prospectus and

e. RC-S & RC-B Call Schedules

14.7 The defendants never registered the plaintiff's signed promissory note (commercial instrument), because they know it is showing as a financial asset on their books.

14.8 The defendants did not register the promissory note to establish a security interest in the financial asset to take the position of a secured creditor.

14.9 The promissory note is not listed on a maritime lien against the prepaid trust account and filed with the county recorder and put on a UCC-1.

a. §8-102(13), §9-203; §9-505, §9-312

b. 46 USC §§31321, 31343,   46 CFR 67.250, §9-102(52), §9-317, §9-322

14.10 Plaintiffs demands the original foreclosure claim to be set off for recoupment, and to have the assets cancel out the liabilities according to:

a. FAS 140, §3-305, §3-601, §8-105, §9-404

14.11 It is a violation of both State and Federal law for a bank to sell an unregistered note that is a security. That violation provides a right to rescission of the contract pursuant to Statutes.

## XV. The Alleged Loan:

15.1 The exact monthly payments of the alleged mortgage loan varied according to property taxes and other fees paid but a typical interest only monthly payment was $929.22 including reserves for the payment of taxes and insurance.

15.2 Beginning in December, 2000 and continuing until Oct, 2018 the plaintiff made timely payments initially to National City Mortgage, then Aurora Loan Servicing.

15.3 In late 2018, Midland Mortgage Company claimed the plaintiffs were behind on payments and hired Foreclosure attorneys McCalla Raymer Leibert Pierce, LLC to commence foreclosure.

15.4 On November 28th of 2018, a "Notice of Foreclosure Sale" was sent to Plantiffs from McCalla Raymer Leibert Pierce, LLC and approximately 30 days later on December 28th 2019, a second notice of the scheduling of a non-judicial foreclosure auction sale date for Jan 2nd, 2019, was issued and signed by attorney for MRLP, LLC and was transmitted to the plaintiff.

15.5 Midland Mortgage Company and/or the attorney operating the Foreclosure Services transmitted to various credit reporting agencies, including Equifax, false adverse information about the plaintiff, causing his credit to be impaired.

## XVI. Legal Prejudice:

16.1 Legal prejudice refers to a condition shown by a party that will defeat the action of an opposing party.

16.2 In other words, it is a fact or condition which may defeat the opposing party's case, if the same is established or shown by a party to litigation.

16.3 The plaintiffs provide evidence in the notice of foreclosure sale document and the Deed of trust that will prove the power of sale was executed by an agent without standing, and this prejudiced the plaintiffs and therefore requests damages both compensatory and punitive as relief for the prejudice suffered

### XVII. **Failure To Establish Agency:**

17.1 The people have rights, Corporations do not have rights. Among these "Rights" is the right to contract, the people have this right under 42 USC 1981.

17.2 The people exercise this right by their signature and/or Social Security Number.

17.3 **Corporations cannot sign and therefore cannot enter into any contract, with an attorney.**

17.4 The right to contract is reserved to the people. This is established by the age-old principle of "Agency". To establish an "Agency", the "Principal" must ask the "Agent" to perform a task.

17.5 The "Agent" must agree to perform the task. It is a time-tested principle, of "American Jurisprudence" that the "Court" must not rely upon the "Agent" to prove "Agency".

17.6 The "Court" must follow the "Principal" to establish "Agency". The law is simple, no "Principal" no "Agency" to "Capacity to Sue". Case must be dismissed.

### XVII. **Federal Question- Violation Of The FDCPA, Sec. 1692,**

18.1 This is an action brought by consumers and one of theirs is violations of the Fair Debt Collection Practices Act1 (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]).

18.2 The plaintiffs are consumers allegedly obligated to pay the alleged consumer debt the defendants used as grounds for filing the wrongful Non- Judicial Foreclosure action against the plaintiff's property.

18.3 The transaction was primarily for family household purposes, so under the FDCPA's definition of a "debt", this consumer debt is covered under the FDCPA. Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

18.4 The defendant, and the named corporation are debt collectors as defined in Title 15 of the United States Code, section 1692a(6) of the Act.

## IXX. The Defendant Is A Debt Collector:

19.1 The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19.2 This definition includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. In this dispute the debt collector used false, deceptive and harassing debt collection tactics against the plaintiff.

19.3 The debt collection agent is not licensed by the State to be a legal debt collector, the agent's law firm is also not licensed by the State they are collecting in, or any other State to be a legal debt collector as mandated in the FDCPA.

19.4 The agent or the law firm had no bond to be a debt collector and therefore is in violation of the FDCPA.

19.5 The court rules mandate attorneys have to have a license to practice law, and the debt collector must be working under an attorney with a license to practice law.

19.6 Lawyers and attorneys are **NOT licensed** to practice law, the nature of lawyer- craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by any state/State. (Schware v. Board of Examiners, 353 U.S. 238, 239).

19.7 The practice of Law is AN OCCUPATION OF COMMON RIGHT! (Sims v. Aherns, 271 S.W. 720 (1925).

19.8 The debt collector in this case lied and used deceptive means to attempt to collect a debt.

19.9 The debt collector in this case does not have a license to collect, a bond nor is the debt collector registered with the Attorney General for my State.

19.10 The debt collector's law firm is also mandated by the FDCPA to have a license to collect debts, a bond, and must be registered with the Attorney General for the State in which they are collecting.

19.11 When the debt collectors fail to obtain the legal credentials to collect debts they are before the court without standing and their documents must be stricken from the record.

19.12 The plaintiffs are consumers as shown by the alleged mortgage loan and unlawful non judicial foreclosure filed in State Court against the plaintiff's property.

19.13 The alleged loan was to secure personal housing for the plaintiffs and their family. The defendant is a debt collector as noted in their emails and phone communications as well as the business description.

19.14 The defendants violated provisions defined in 15 U.S.C. Sec. 1692 false misrepresentation in the course of collecting a debt.

19.15 The FDCPA mandates debt collectors cannot use false, deceptive, or misleading practices.

## XX. Recourse:

20.1 The Recourse appears in the Uniform Commercial Code at 1-103.6, which says: The Code is complimentary to the Common Law, which remains in force, except where displaced by the code. A statute should be construed in harmony with the Common Law unless there is a clear legislative intent to abrogate the Common Law.

## XXI. Elements for Breach Of Contract:

21.1 There is a contract that was breached.

21.2 The breach is material.

21.3 The breach leads to direct and/or consequential damages.

21.4 The breach occurred within the last eighteen years.

### 1st Claim- Wrongful Foreclosure:

The foreclosing party did not have standing to execute the power of sale clause in the deed of trust, and therefore the non- judicial foreclosure is void.

### 2nd Claim- Violation Of The FDCPA:

The defendant violated one or more of the provisions contained in 15 U.S.C. §§ 1692 a-1692.

### 3rd Claim- Violation Of The Truth In Lending Act:

The Truth in Lending Act, Regulation Z, 12 CFR §226.23

### 4th Claim- Breach Of Contract:

The defendant is in breach of contract, as the original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

### 5th Claim Violation Of Federal Trust and Lien Laws:

The defendant violated Federal Trust and Lien Laws when she signed on behalf of the trustee without legal authorization.

### 6th Claim- Slander of Title:

The defendants have caused to be recorded various documents including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title.

### 7th Claim- Slander of Credit

The plaintiffs allege that the actions and inactions of the defendants have impaired their credit.

### 9th Claim- Infliction of Emotional Distress:

### 9th Claim- Infliction of Emotional Distress:

The defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress.

**Wherefore**, having set forth various causes of action against the defendants, the plaintiffs pray for the following relief:

1. This Court void the foreclosure sale which took place on January 2nd 2019, based on the attorney's fraudulent misconduct mentioned in the claim, and grant damages.

2. The actions of defendants be determined unfair and deceptive business practices in violation of Federal Laws, and Federal Security statutes.

3. To have the alleged debt discharged.

4. To be awarded compensatory and punitive damages provided for in the amount of 5.5 million dollars including costs and legal expenses;

5. That the Plaintiffs be awarded consequential damages to be fully proved at the time of trial;

7. That the Court grant any other relief that may be just or equitable.

8. The defendants contact the credit reporting agencies and correct the false information that was reported to them.

11/11/2019

John Haynes and Marcia Lashley

## CERTIFICATE OF SERVICE

I hereby certify that on the ___12___ th day of _November_ 11/12/2019, the foregoing document was filed in Court, and a copy was mailed out to Defendants.

_[signature]_ 11/12/2019

John Haynes and Marcia Lashley

Without Prejudice UCC 1-308

Mailed to the following:

Hayley Brew, Esq.

1544 Old Alabama Road

Roswell, Georgia 30076

Bureau of Consumer protection

Federal Trade Commission

600 Pennsylvania Ave., NW. Washington

McCalla Raymer Leibert Pierce, LLC

1544 Old Alabama Road

Roswell, Georgia 30076

Midland Mortgage Company, A Division of Midfirst Bank

999 NW Grand Boulevard, Suite 100

Oklahoma City, OK 73118

## VERIFICATION:

I, Marcia Lashley, declare under penalty of perjury in accordance with the Laws of the United States of America that the foregoing is true and correct and complete to the best of my knowledge and belief.

_____ on this ___/2___ th Day, of _November_ 11/11/2019

Marcia Lashley

On this __12__ day of _November 2019_ 11/11/2019 before me, the undersigned, a Notary Public in and for the State of Georgia, personally appeared the above-signed, known to me to be the one whose name is signed on this instrument, and has acknowledged to me that he has Executed the same.

Signed: _Timothy Umunna_

Printed Name: _Timothy Umunna_

My Commission Expires: _October 30, 2021_

Date: _November 12, 2019_ Common Law Seal: _____

> TIMOTHY C UMUNNA
> NOTARY PUBLIC
> FULTON COUNTY, GEORGIA
> MY COMMISSION EXPIRES OCTOBER 30, 2021

# MRLP

McCalla Raymer Leibert Pierce, LLC

| ALABAMA | ILLINOIS |
| CALIFORNIA | MISSISSIPPI |
| CONNECTICUT | NEVADA |
| FLORIDA | NEW JERSEY |
| GEORGIA | NEW YORK |

1544 Old Alabama Road
Roswell, Georgia 30076
T. (678) 281-6500
www.mccalla.com

December 28, 2018

## VIA CERTIFIED AND REGULAR MAIL

John Haynes
694 Stoneside Drive
Stone Mountain, Georgia 30083

      RE:    Servicing Lender's No.: 50742772
            Our File No.: 51795703
            Property Address: 694 Stoneside Drive
                        Stone Mountain, Georgia 30083

Dear John Haynes:

## PLEASE BE ADVISED THAT THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

This letter is written in response to the correspondence in which you disputed the debt for the above referenced account and shall serve as confirmation that the amount demanded is what the creditor is claiming is owed. Please find enclosed a copy of the original security deed and note executed by you at the time of closing. The security deed was originally given to National City Mortgage Co. dba Accubanc Mortgage, a Corporation, and authorizes the procedures for foreclosure in the event of default. Within the security deed, you will also find the address of the original lender. Please be advised that the note and security deed signed by you at closing are valid, binding, and legally enforceable obligations. These obligations cannot be unilaterally altered by you, nor voided by unauthorized means. Also enclosed is the complete chain of assignments reflecting MidFirst Bank, a Federally Chartered Savings Association as the current assignee of the security deed.

Please also find enclosed both a payoff quote and a reinstatement quote for the referenced loan account. The payoff quote details the total amount of debt due on the loan as of a date certain. The reinstatement quote breaks down the amount required to reinstate the loan as of a date certain.

A foreclosure sale date for the referenced property is scheduled for January 2, 2019. If you have any questions, please contact this office at (770) 643-2148 and ask to be connected to Foreclosure Team #17. If you would like to discuss loss mitigation/workout options, please contact Midland Mortgage, a Division of Midfirst Bank directly at (800) 654-4566. As the



**McCalla Raymer Leibert Pierce, LLC**

ALABAMA    ILLINOIS
CALIFORNIA    MISSISSIPPI
CONNECTICUT    NEVADA
FLORIDA    NEW JERSEY
GEORGIA    NEW YORK

1544 Old Alabama Road
Roswell, Georgia 30076
T. (678) 281-6500
www.mccalla.com

servicer for this loan, Midland Mortgage, a Division of Midfirst Bank has full authority to negotiate, amend, and modify all terms of the mortgage. Please be advised, however, that the secured creditor is not required by law to negotiate, amend, or modify the terms of the mortgage.

Please be advised that this letter is being sent to you in response to your request for verification of the debt pursuant to the Fair Debt Collection Practices Act. Note that the Fair Debt Collection Practices Act does not require the lender to suspend its collection efforts indefinitely, but rather provides a method by which a borrower can receive validation information regarding his or her account. While this letter satisfies the verification obligation of the Fair Debt Collection Practices Act, we welcome the opportunity to assist you in this matter if possible. This office, however, will not respond to duplicate or repetitive versions of the same letter.

Regards,

Hayley Brew, Esq.
McCalla Raymer Leibert Pierce, LLC

TSL
Enclosures

**BORROWER COPY**

LAW OFFICES
## McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GEORGIA 30076
TELEPHONE: (770) 643-2148
FAX: (770) 643-4062
(800) 845-8633

November 28, 2018

John G. Haynes
Marcia S. Lashley
694 Stoneside Drive
Stone Mountain, GA 30083

RE:     NOTICE OF FORECLOSURE SALE - Security Deed - MidFirst Bank vs. John G. Haynes

| | |
|---|---|
| Servicing Lender's #: | 50742772 |
| Our File #: | 51795703-FT17 |
| Original Borrower: | John G. Haynes |
| Current Borrower: | John G. Haynes |
| Property: | 694 Stoneside Dr |
| | St. Mountain, Georgia  30083 |
| | DeKalb County, Georgia |
| Case #: | 101-95574344 |

*Dear Borrower:*        *CASE # 101-9557434Ч*

By letter dated May 4, 2017 (the "Initial Communication Letter") we notified you that the above-referenced loan had been referred to this law firm for handling.  That letter also advised you of certain rights (the "Borrowers Rights"- which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter.  Nothing in this letter will prevent you from exercising the Borrower's Rights as explained in the Initial Communication Letter.

Please be advised that if you are not obligated on this loan, or if you have received a discharge in a bankruptcy case where your personal liability on this loan was extinguished, then any action we take would be limited to the foreclosure of the above referenced property.  If you are currently under bankruptcy protection, please fax your bankruptcy case information to us at (888) 371-4980.

The entire amount of the outstanding balance of principal and interest owed on the loan and any other authorized charges are now due and payable.  Additionally, the terms of your note call for the addition of attorneys' fees to the debt in case of collection by or through an attorney.  Georgia law

---

> **THIS IS AN ATTEMPT TO COLLECT A DEBT.    ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**





rPBC BOOK 3 *3 1 7.3 Pg   288
Filed and Recorded Sep-04-2003 11:58am
2003-0165690

3a.
Ili

Linda Carter
Clerk of Superior Court Dekalb Cty. Ga.

---

MCCALLA, RAYMER, PADRICK,
COBB, NICHOLS & CLARK, LLC
1544 Old Alabama Road
Roswell, Georgia 30076   ƒT8

SSIGNMENT PREP PAMELA WOODEN
?AM WOODEN, AURORA LOAN SERVICES, 601 5TH AVE,
Vi(ellio

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**DEKALB COUNTY, GEORGIA**
**SELLER'S SERVICING#: 0105734396 "HAYNES" AURO01**
**MERS #: 100025400002833904  VRU #: 1-888-679-6377**

★    Prepared By: Michele Klein, 601 5th Ave, Scottsbluff, NE 69361, (308)220-2315
Date of Assignment: 08/05/2003
Assignor: NATIONAL CITY MORTGAGE CO. DBA ACCUBANC MORTGAGE CORPORATION at 3232
NEWMARK DRIVE, MIAMISBURG, OH 45342
Assignee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. at G 4318 MILLER ROAD,
FLINT, MI 48507

Executed By: JOHN G. HAYNES   To: NATIONAL CITY MORTGAGE CO. DBA ACCUBANC
MORTGAGE, A CORPORATION
Date of Deed of Trust: 12/08/2000
Recorded 12/13/2000 as Instrument/Document No. 2000-0140467 in Deed Book 11751
Page 404  In DEKALB COUNTY, GEORGIA.

Property Address:   694  STONESIDE DR    ST MOUNTAIN,GA    30083

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and
NO/100ths DOLLARS and other good and valuable consideration, paid to the above
named Assignor, the receipt and sufficiency of which is hereby acknowledged,
said Assignor hereby assigns unto the above-named Assignee, the said Deed of
Trust together with the Note or other evidence of indebtedness (the "Note"),
said Note having an original principal sum of $127,935.00 with interest, secured
thereby, together with all moneys now owing or that may hereafter become due or
owing in respect thereof, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants
and conveys unto the said Assignee, the Assignor's beneficial interest under the
Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust and Note, and also the said
property unto the said Assignee forever, subject to the terms contained in said
Deed of Trust and Note.  IN WITNESS WHEREOF, the assignor has executed these
presents the day and year first above written:

NATIONAL CITY MORTGAGE CO. DBA ACCUBANC
MORTGAGE CORPORATION
On   August 05, 2003

By
YVONNE STICK, SR. VICE PRESIDENT

Creye A. Splichal
CHERYL A. SPLICHAL, ASST. SECRETARY

WITNESS
Pam Wooden

WITNESS
Adele Fiala

PLW/2003080W0004 GENERIC DEKALB GA RAT #9843 KATD

12/28/2018

Deed Book 15173 Pg 289

*Linda Carter*

Linda Carter
Clerk of Superior Court Dekalb Cty. Ga.

Page    Corporate Assignment of Deed of Trust

STATE OF Nebraska
COUNTY OF Scotts Bluff

ON August 05, 2003, before me, SANDRA J. HANSON, a Notary Public in and for the
County of Scotts Bluff County, State of Nebraska, personally appeared YVONNE
STICH, SR. VICE PRESIDENT and CHERYL A. SPLICHAL, ASST. SECRETARY, personally
known to me (or proved to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity, and that by his/her/their signature on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

SANDRA J. HANSON
Notary Expires: 02/23/2005

GENERAL NOTARY - State of Nebraska
SANDRA J. HANSON
My Comm. Exp. Febr. 23, 2005

(This area for notarial seal)

PLW200308050004 GENERIC DEKALB GA BAT 498450105/34396 KATD